IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANDACE DOWD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. _____ |
| vs. | § | |
| | § | |
| SNELLING SERCICES, LLC, | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiff, Candace Dowd ("Dowd" or "Plaintiff") and files this her Original Complaint against Snelling Services, LLC ("Snelling" or "Defendant") and in support thereof would show the Court as follows:

**I.**

**Introduction**

1.01     Plaintiff would show the Court that Defendant wrongfully terminated her employment on the basis of her race, and in retaliation for opposing unlawful discrimination in violation of 42 U.S.C. § 1981.

**II.**

**Parties**

2.01     Dowd is an individual currently residing in the State of Texas.  She may be contacted through the undersigned counsel.

2.02     Defendant Snelling Services, LLC is a foreign limited liability corporation with its headquarters located at 12801 N Central Expressway, Suite 600, Dallas, TX 75243 according to

records on file with the Texas Secretary of State's Office.  It may be served by service upon its registered agent for service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

### III.

### Jurisdiction and Venue

3.01    Pursuant to 28 U.S.C. §1331, jurisdiction of this Court is appropriate in the United States District Court for the Northern District of Texas, as this action involves a question of the application of federal law.

3.02    Venue for all causes of action stated herein lies in the Northern District of Texas because all or part of the events complained of herein occurred within the Northern  District of Texas.

### IV.

### Factual Allegations

4.01    Plaintiff began working for respondent in March 2018 in the HR Department.

4.02    However, Plaintiff quickly became concerned that the company's CEO, Lee Elkinson, was engaged in unlaw discrimination.  Shortly after starting work, Elkinson told her she was hired to change the culture and environment of Snelling, which was beginning to look like an "old folks" home.

4.03    In June of 2018, Plaintiff presented two strong candidates, one an African American, and the other a Haitian American with an MBA. Both candidates were overlooked because they did not "look the part." The CEO instead hired blond white female, Kelly Spraggins. She was fired after only three days when she revealed she had a learning disability.

4.04    The CEO decided to change the IT recruiting department. He made snide remarks that it was "dark in the office." Five of the six members were minority, and four were black. In October 2018, he fired the entire department, joking of an early "Black Friday." In November, he accused me of "mucking up the office" with too many black people.

4.05    The Director of HR Katy Mundo stated that because they had terminated one Caucasian employee from the IT Services group, that the four black employees could not file a discrimination suit.

4.06    Potential African employee Judith Ofoma interviewed four time in 2018, but was rejected each time. The CEO refused to hire her, noting: "Ugh, not the part."

4.07    CEO Elkinson told me in September 2018 that: "There are too many African Americans, find a white male or female." I reported the matter to General Counsel Keith Clark, and was told to keep doing my job and to ignore his comments. He filled the Center of Excellence team exclusively with hires under 25 years of age.

4.08    In November 2018, I received a complaint from Hamid Bangura about dismantling the IT Services team. He said Elkinson "wanted people who looked like this paper." Although the purge was called a reduction in force, the positions were immediately reopened with different names.

4.09    Marty Gguillaman came into Plaintiff's office in November 2018, and told her that Elkinson told him to stop working with Plaintiff for recruitment efforts because she had "mucked up the office" and that Elkinson wanted young white candidates. Plaintiff completed a survey on December 2, 2018 where she expressed concerns about discrimination. She was fired on December 7, 2018.

4.10   On or about December 10, 2018, Plaintiff had lunch with both Marty Guillaman and Hamid Bangura. Both confirmed she was "mucking up the office with too many black people."

4.11   Gay candidates were immediately rejected as "not a company fit." Asian candidates were rejected because they "did not look the part."

4.12   Plaintiff had previously complained to Katy Mundo, the Director of HR. Her response was: "He is the CEO. What can you do?"

V.

### First Count

### Race Discrimination

5.01   The foregoing paragraphs of this Petition are incorporated in this count by reference as if set forth at length herein.

5.02   The Defendant has violated 42 U.S.C. § 1981 by discharging Plaintiff and/or discriminating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because of Plaintiff's race, black. Respondent has engaged in a continuous course of conduct of discrimination against Plaintiff because of her race, and by creating a hostile work environment.

5.03   Such discrimination against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's state-protected rights. Plaintiff is therefore also entitled to punitive damages in a sum which is in excess of the minimum jurisdictional limit of this court. Plaintiff is also entitled to

recover all costs of court, attorney's fees and expert fees as allowed by 42 U.S.C. § 1981.

VI.

**Count Two**

**Retaliation**

6.01    Plaintiff incorporates the foregoing paragraphs of this Petition as if set forth at length herein.

6.02    Respondent has violated 42 U.S.C. § 1981 by discharging Plaintiff and/or retaliating against Plaintiff in connection with her complaining of discrimination.

6.03    Such discrimination by Respondent against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Respondent for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.  Further, this discrimination was done by Respondent with malice or with reckless indifference to Plaintiff's protected rights.  Plaintiff is therefore entitled to recover punitive damages in a sum which is in excess of the minimal jurisdictional limit of this court.  Plaintiff further seeks attorney's fees and expert fees.

VIII.

**Jury Trial Demanded**

7.01    Plaintiff hereby demands trial by jury of all claims to which she is entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have and recover the following relief against Defendant:

1. Judgment for actual damages in the amount of past and future lost earnings and benefits, damages to past and future earnings capacity, and past and future damage to reputation;

2. Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

3. An award of liquidated and/or statutory damages in an amount equal to all lost wages, salary, employment benefits and privileges, and other compensation lost as a result of Defendant's wrongful conduct in an amount proven at trial;

4. An order by the Court reinstating Plaintiff as an employee of the Defendant in a similar position with similar pay and benefits to that from which he was wrongfully terminated, or, in the alternative, future pay in an amount to be determined by the Court;

5. Prejudgment and post-judgment interest at the maximum legal rate;

6. Attorney's fees;

7. Expert fees;

8. All costs of court; and

9. Such other and further relief to which Plaintiff may be justly entitled.

DATE: June 29, 2021.

    Respectfully submitted,

    **KILGORE & KILGORE, PLLC**

    By: /s/ *John H. Crouch, IV*

    JOHN H. CROUCH, IV
    State Bar No. 00783906
    jhc@kilgorelaw.com

    3109 Carlisle, Suite 200
    Dallas, TX 75204
    (214) 969-9099 - Telephone
    (214) 953-0133 - Fax

    **ATTORNEYS FOR PLAINTIFF CANDACE DOWD**